# Henderson & Co. *v.* Boyett.

### *Action of Detinue.*

1.  *Rescission of contract for fraud; parties must be placed in statu quo.*—In order to exercise the right of rescission for fraud, the party offering to rescind must place the other party as near as practicable *in statu quo;* and, therefore, where, in the execution of a mortgage. an older mortgage is surrendered to the mortgagor as a part of the consideration of the last mortgage, if, upon subsequently discovering that the mortgagee practiced a fraud in procuring the execution of the later mortgage, the mortgagor desires to rescind and avoid said mortgage on the ground of such fraud, it is a condition precedent to the exercise of that right that he put the mortgagee *in*

*statu quo* by surrendering or offering to surrender the old mortgage, which came into his possession as a part consideration for the new note.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. J. W. FOSTER.

Appellants brought their suit in detinue against appellee to recover two yokes of oxen, one log cart and fixtures, and also some corn, seed cotton and fodder of the crop of 1898. The plaintiffs claimed title under a mortgage which had been executed to them by the defendant on the 22d day of January, 1898. The defendant set up as a defense to the action that the mortgage had been procured by fraud, by reason of the fact that the agent of the plaintiffs represented to him that there was no crop included in the mortgage and by reason of the representation he was induced to sign it.

To this plea the plaintiff replied that under the mortgage executed in 1898, in part consideration for it, they surrendered the mortgage executed by him to them in 1897, and that the defendant had not returned or offered to return said mortgage of 1897 to the plaintiffs, but continued to hold the same claiming that he had the right to do so.

On the trial of the cause the plaintiffs offered in evidence the mortgage executed on January 22, 1898, which conveyed the crops of that current year, and the other personal property sued for.

The evidence showed that the mortgage of 1898, under which plaintiffs claimed title to the property sued for, was given in payment and satisfaction of a mortgage which had been executed by the defendant to the plaintiffs in 1897. The evidence further showed that when the mortgage of 1898 was executed the mortgage of 1897 was surrendered to the defendant by the plaintiffs, that the defendant had retained possession of the same after its surrender and was still in possession of it at the time of the trial of this case, that defendant had discovered that the crop was included in the mortgage of 1898 a few days before suit was brought against him,

that he knew at this time that plaintiffs were claiming title to the crop and other personal property conveyed by the mortgage of 1898, and that the defendant had never, at any time, offered to return to the plaintiffs the mortgage made in 1897, but had retained the same claiming that he had a right to do so. The mortgage of 1897 conveyed defendant's crop for that year, all of his personal property of every description and also the cart rollers and chain and oxen covered by the mortgage of 1898.

The evidence showed without conflict that the property sued for was the property mentioned and described and conveyed in the mortgage executed on January 22, 1898. After the introduction of all the evidence, the court holding that because the defendant had not offered to return to the plaintiff the mortgage of 1897, he was estopped from setting up the execution of the mortgage of 1898, gave at the request of the plaintiffs the general affirmative charge in their behalf as to all of the property sued for, which was covered by the mortgage of 1898.

There were verdict and judgment for the plaintiffs. Thereafter the defendant made a motion for a new trial, upon the ground that the defendant was not estopped to set up fraud on the part of the plaintiffs in the execution of the mortgage of 1898 by his failure to offer to return the mortgage of 1897; and that, therefore, the question of fraud in procuring the execution of the mortgage of 1898 should have been left to the determination of the jury, and that the general affirmative charge should not have been given in favor of the plaintiffs. Upon the hearing of this motion, the court granted it and ordered a new trial. From this judgment the present appeal is prosecuted by the plaintiffs, who assign the rendition thereof as error.

POWELL & ALBRITTON, for appellants.—Where a contract is sought to be rescinded by one of the parties thereto he must place the other in statu quo. He will not be allowed to repudiate a contract and retain the

benefit derived thereunder against equity and good con-
science, but must return, or offer to return, such bene-
fit.—12 Am. & Eng. Enc. of Law, 84-86; *Jemison v.
Woodruff & Beach*, 34 Ala. 146; *Jones v. Anderson*, 82
Ala. 302; *Young v. Arntze & Bros.*, 86 Ala. 116; *Rice
et al. v. Gilbreath et al.*, 24 So. Rep. 421.

P. N. HICKMAN, *contra*.

McCLELLAN, C. J.—A part of the consideration
for the mortgage of 1898 was the surrender to the de-
fendant of the mortgage of 1897. This latter mort-
gage was accordingly surrendered to the defendant as
satisfied.    He has had it ever since and has it now.  He
has not offered to return it to plaintiffs, but claims the
right to retain it.   On this state of facts he is not en-
titled to a rescission and avoidance of the mortgage of
1898 on the ground of fraud.   It is a condition prece-
dent to that right that he put plaintiffs *in statu quo* by
surrendering or offering to surrender the mortgage of
1897, which came to his possession as a part of the con-
sideration for the new mortgage and upon the assump-
tion of the validity of the latter.—21 Am. & Eng.
Encyc. of Law, p. 84 *et seq.; Jones v. Anderson*, 82 Ala.
302.

To the plea of fraud on the part of plaintiffs in pro-
curing the execution by defendant of the mortgage of
1898, plaintiffs replied that under that mortgage and
as part consideration for it they surrendered to him
the mortgage of 1897, that defendant has not offered to
return the same to plaintiffs but continues to hold it
under a claim of right to do so.   The replication was
a proper one, and its averments were proved.   It fol-
lows that the trial court in the first instance properly
gave the affirmative charge for the plaintiffs, and erred
in granting a new trial on the theory that the general
charge should not have been given for plaintiffs.   The
judgment granting a new trial must therefore be re-
versed, and a judgment will be here entered overruling
and denying defendant's motion for a new trial.

Reversed and rendered.