# Tapia *v.* Williamson.

## *Assumpsit.*

(Decided July 2, 1907.  44 South. 556.)

*Compromise and Settlement; Rescission; Bills and Notes; Defense.*—In a transaction involving the payment of a premium on a life insurance policy by one party on the life of the other, and the payment by the other of money loaned, with the policy as collateral security, which was compromised and settled by release of the party who was to pay the insurance premium, and a release of the other party who owed the notes for money loaned upon the execution by him of four notes for certain amounts, and the balance due on the original note forgiven, the party giving the new note could not rescind the contract of settlement, and justify the refusal to pay the new note on the ground that the policy had been retained; for if the policy had any value, a retention of it by the other party was a conversion, for which the giver of the new notes could have maintained his action against the other for damages.

Appeal from Conecuh Circuit Court.

Heard before Hon. J. C. Richardson.

35 R

Assumpsit by J. R. Tapia v. H. B. Wilkerson. From a judgment for defendant plaintiff appeals. Reversed and remanded.

HAMILTON & CRUMPTON, for appellant. The court erred in refusing to permit appellant to introduce testimony in rebuttal of the testimony of the appellee that the security given by him was of the value of $914.— *Huston Biscuit Co. v. Dial,* 135 Ala. 168; *M. & B. R. R. Co. v. Ladd,* 92 Ala. 287; *McIntyre v. White,* 124 Ala. 177. There is but two ways in which a party can escape or limit his liability on the contract. One is, a rescission of the contract, actual notice to the adverse party and a return of the benefits received. The other is, to retain the benefit and claim damages of his adversary.—79 Ala. 410; 86 Ala. 121. There is no evidence to indicate any damages sustained by appellee or to show the impairment of any right which he may have by reason of the failure of the appellant to return the policy in question. —20 Ala. 249; 126 Ala. 172; 82 Ala. 202; 92 Ala. 200.

RABB & PAIGE, for appellee. Where the testimony is in conflict the affirmative charge should not be given.— 22 Ala. 460; 124 Ala. 427; 121 Ala. 471; 109 Ala. 129; 122 Ala. 360.

TYSON, C. J.—The plaintiff and one Hogue, his partner, in February, 1904, as agents for the Prudential Life Insurance Company, secured for defendant a policy on his life for ten thousand dollars ($10,000.00) in their company at an annual premium of $463.60, payable the 1st of February of each year.

The agents agreed to pay the first two premiums in consideration of a certain mortgage security assigned by defendant to them; and they did pay the first premium.

At the same time and as a part of the transaction, the agents loaned him $500.00 for which he executed his two notes, each for $263.70 dated February 23, 1904, due November 4th, 1904, secured by the policy as collateral. These notes not being paid at maturity were extended by two notes each for $275.57 due respectively February and April, 1905.

On the 1st of February, 1905, the agents would have to pay the second premium of $463.60 on the policy; and the defendant would have to pay to them the two notes given in extension of the $500.00 loan. The defendant had become embarrassed financially and was anxious to make some sort of settlement, and on the 2nd day of February, 1905, a full settlement and mutual compromise was had between the defendant and plaintiff, the latter having succeeded to the rights and liabilities of his firm.

The terms of the settlement were that plaintiff was released from making the payment of the second premium of $463.60 on the policy, which was to lapse or be kept up by defendant; that defendant's two notes for $270.57 each were to be cancelled, and defendant was to give plaintiff his four notes, three for $68.00 each and one for $69.00 payable respectively in March, April, May and June, 1905.

This settlement was carried out and defendant paid the first one of these last notes and this action is to recover on the other three.

The case was tried on the plea of the general issue and "In short by consent with leave to give in evidence any matter which might be specially pleaded." The only color of defense set up by the proofs, construed in the widest latitude, was a failure or partial failure of the consideration arising from the fact that the policy on which the second premium was then due was not in fact

surrendered to the defendant. This evidently came about from the view of both the parties that the policy was to lapse and was worthless.

After the first due of the last notes had been paid, the defendant thought of the defense herein set up against the others, that the policy, though never demanded, had not been surrendered to him.

The consideration for the notes sued on consisted of the mutual release of the parties from their respective outstanding obligations. The plaintiff relinquished his debt against defendant for the original loan of $500.00 and interest, except as to the amount covered by the new notes given on the settlement, and defendant released plaintiff from his obligation to pay the second premium on the policy, and obtained indulgence on the portion of his debt to plaintiff not forgiven.

The old notes remaining in plaintiff's hands became waste paper of no possible value, and without risk to defendant from their custody by plaintiff since being past due they could not be negotiated to defendant's detriment. They were, however, surrendered.

The policy, if of any value, became the property of defendant in the custody of plaintiff as his bailee.

Ascribing to it any supposable value, even the refusal on demand by defendant to deliver it would amount at most to a conversion and render plaintiff liable in damages for its full value, which might have been on due proof set off against the notes. There would, however, in such case be no right to rescind the contract of settlement and thereby justify a refusal to pay the notes given on that settlement.—*Snow v. Alley,* 144 Mass. 546; *Henderson v. Boyett,* 126 Ala. 172; *Jones v. Anderson,* 82 Ala. 302; *The Morsey S. & I. Co. v. Naylor,* L. R. 9 A. P. Cases, 134; *Freeth v. Bura,* L. R. 9 C. P. 208; *Johnston v Milling,* L. R. 16 Q. B. Div. 460.

[Sharpley v. Moody & Co.]

There was, however, no demand for the policy and it is evident that it was left with plaintiff as a worthless paper. Furthermore, there was no proof of its value nor of damages to defendant.

The affirmative charge requested by plaintiff should have been given.

Reversed and remanded.

DOWDELL, ANDERSON and McCLELLAN, JJ., concurring.