H. H. KENDALL *vs.* LUIGI ROSSI *et al.*

JUNE 27, 1913.

PRESENT:  Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Bills and Notes.  Consideration.  Accord and Satisfaction.*

Where an attachment is released and a suit discontinued by a creditor upon the receipt of a payment in cash and an endorsed note from the debtor, the arrangement is in the nature of a compromise and settlement, and in the absence of fraud, it operates as a merger of all claims and causes of action included therein and bars recovery thereon and all defences thereto, and in an action upon the note, failure of consideration cannot be set up as a defence, and the endorsers have no greater right of defence than the maker.

(2)  *Bills and Notes.  Consideration.  Accord and Satisfaction.*

As a release of an attachment alone or coupled with forbearance to sue is a sufficient consideration for a note, even if there were other considerations which failed, they cannot be set up as a defence to the note.

(3)  *Bills and Notes.  Accord and Satisfaction.*

In the absence of fraud and misrepresentation, a compromise of a claim furnishes a good consideration to support a payment or promise to pay thereunder, and it is immaterial that it appears thereafter that the claim was invalid.

ASSUMPSIT.  Heard on exceptions of defendants and overruled.

BAKER, J.  This is an action of assumpsit brought by the plaintiff against the defendants as endorsers on a certain promissory note for $271 given to the plaintiff by one Daniel Rosati, bearing date November 23, 1910, and payable sixty days after date.

The action was brought in the sixth district court.  The defendants there submitted to judgment and claimed a jury trial.  The case was tried in the Superior Court where by direction of the court the jury rendered a verdict for the plaintiff against both defendants in the sum of $287.  The case is before this court on defendants' bill of exceptions.

The bill contains four exceptions, but the defendants do

not press the first one.  The second and third exceptions were taken to the exclusion of testimony and the fourth to the ruling of the court in directing a verdict for the plaintiff.

The testimony shows that prior to November 23, 1910, the plaintiff had in his possession, for two months or more, an automobile belonging to Daniel Rosati, aforesaid, for the purpose of fixing or repairing it; that he had repaired it and had a bill against Rosati therefor for $371; that he had placed an attachment upon the automobile for the purpose of securing payment of said bill; that Rosati, desirous of obtaining the car, in this condition of affairs, consulted an attorney and under his advice paid the plaintiff $100 on account of his bill and also gave him said note endorsed as aforesaid; whereupon the plaintiff released the attachment on the car and delivered it to Rosati and discontinued proceedings under the suit.  It is also in evidence that the plaintiff told Rosati that the car was properly fixed, but he wanted his money before Rosati could have the car.  At the trial of the present case, after the introduction of the note in evidence and proof of demand of payment, protest and notice of dishonor, the defendant offered to show that the automobile in question was not properly fixed by the plaintiff.  This testimony was excluded and this ruling is the basis for the second and third exceptions.

(1)

It is obvious that if Rosati desired to contest the plaintiff's bill for repairs he might have done so in the action first commenced by the plaintiff by giving bond under the statute to release the attachment.  Instead of doing so, however, he did what is hereinbefore described.

The defendants claim the right to show that the Rosati automobile was not properly fixed; that in consequence there was a total, or at a least a partial, failure of the consideration of the note.  The defendants cite a number of cases (of which *Parish* v. *Stone,* 14 Pick. 198 is typical) in which in actions on promissory notes given in payment for goods, chattels or for labor performed, the maker has been permitted to show a total or partial failure of consideration growing out

of misrepresentation of the goods by the vendor or of the defective quality of the goods or labor. In all of the cases cited it was possible to show pecuniarily or in money value the extent of the failure of consideration and therefore in the case of a partial failure an apportionment of consideration was practicable. This defence is permissible in such cases in order to avoid circuity of action. If the note in question had been given simply in payment of the bill for repairs then the authorities cited would be pertinent, but they are not applicable to the facts in this case as shown by the evidence. There is no foundation for the claim that there was a total failure of consideration for the note for, apart from any other consideration, the evidence shows that the plaintiff released his attachment and forbore entering his action in court in consideration of the payment of $100 in cash and the giving of the note in question. But the release of an attachment is a sufficient consideration for a promissory note. *Kellogg* v. *Curtis,* 9 Pick. 534, 535; *Foster* v. *Clark,* 19 Pick. 329, 331; *Hackett* v. *Pickering,* 5 N. H. 19; *Mascolo* v. *Montesanto,* 61 Conn. 50, 54; 9 Cyc. 339 and cases cited under note 74. If the release of an attachment alone or coupled with a forbearance to sue is a sufficient consideration for a promissory note then the plaintiff's case is established. (2) Even if there were other and pecuniary considerations for the note and they failed, it is difficult to see how in such case there could be an apportionment of the consideration. The defendants cite no case sustaining the claim of apportionment as applicable to the facts shown in the present case. We assume that none can be found because the release of an attachment is a sufficient and adequate consideration for a promissory note. But the defendants seek to ignore and disregard the release of the attachment as a factor in the settlement between plaintiff and Rosati and claim the same rights of defence that they might have interposed if plaintiff were now suing Rosati on his bill for repairs. They cannot do this because the plaintiff changed his position in releasing his attachment upon the automobile and in forbearing to press

his action.    If the plaintiff's bill for services rendered Rosati is to be regarded as a disputed or doubtful claim, as the defendants now apparently assert, then the arrangement entered into by them on November 23, 1910, was of the nature of a compromise and settlement and operated as a merger of all claims and causes of action included therein and barred recovery thereon and all defences thereto.    8 Cyc. 516, A. 1, 2.    The following cases support this view.

In *Clark* v. *Turnbull*, 47 N. J. L. 265, the plaintiff had brought an action in New York against one Henry Turnbull, charging him with fraudulently appropriating money, and had had him arrested.    While in custody, in an agreement to settle, Walter A. Turnbull, brother of Henry, advanced for Henry $1,200 in cash and gave Henry his promissory note for the balance of plaintiff's claim which the latter endorsed to the plaintiff Clark.    Thereupon Henry was released and the suit discontinued.    Afterwards in an action on the note against Walter the latter as a defence set up that no debt was due from Henry to the plaintiff at the time said suit was brought against Henry.    It was held that such defence was not open to the defendant.    The court says: "The law favors the compromise and settlement of controversies and litigations, and where a promise is made on the compromise of a doubtful claim, the compromise is a good consideration for the undertaking and the promise is binding."    .  .  .    "But where legal proceedings have been instituted, an agreement in its compromise is good and valid regardless of the validity of the plaintiff's demand, and whether the suit could have been prosecuted to a successful issue or not.    These cannot be set up in bar of the action upon the promise."

In *Stewart* v. *Ahrenfeldt*, 4 Denio, 189, Bronson, C. J., says:  "The settlement of a suit, or the compromise of a doubtful claim, is a good consideration for a promise to pay money; and when an action is brought upon the promise, it is no answer to show that the first suit could not have been maintained, or that the claim was not a valid one.    When

parties meet upon equal terms and adjust their differences, both are concluded from any further litigation of the matter. One party is not at liberty to say, that the sum paid, or agreed to be paid, was too much; nor the other, that it was not enough."

In *General Electric Co. v. Nassau Electric Railroad Co.*, 36 N. Y. App. Div. 510 (affirmed in 161 N. Y. 656, without an opinion) in a suit on a note given in settlement of an action to restrain the infringement of certain patent rights, it was held to be no defence that in a subsequent suit said patents were declared invalid. The court says: "We are of opinion that the claim of failure of consideration cannot be upheld. It is to be borne in mind that when the $20,000 note was given the letters patent were of apparent force and validity, and by the agreement the plaintiff recognized the same. It is not pretended but that at this time both parties acted in perfect good faith and with a full understanding of the situation. There was no misrepresentation or fraud upon the part of the plaintiff or the Thompson-Houston Company which induced the defendants to execute the agreement of settlement and to make and deliver the promissory note in pursuance of its terms. The case is, therefore, clearly one of the settlement of a suit and a compromise of the claim upon which it was founded. In the absence of fraud and misrepresentation such compromise furnishes a good consideration to support a payment or promise to pay thereunder; and in the absence of fraud or misrepresentation, of which no claim is made in this case, such settlement is legally binding upon all the parties thereto. It matters not that it is made to appear thereafter that the claims upon which the suit in which the compromise was made was founded were without validity, as otherwise there could never be a secure settlement of a contested claim, which it is the policy of the law to promote."

See, also, *Rohrbacher v. Aitken*, 145 Cal. 485; *Cobb v. Arnold*, 8 Met. 403; *Powers v. Hambrick*, 74 S. W. (Ky.) 660; *Wahl v. Barnum*, 116 N. Y. 87; *Keefe v. Vogle*, 36 Iowa, 87; 8 Cyc. 510.

There is no charge or proof of fraud in this case. There is no evidence that the plaintiff knew or believed that the automobile was not properly fixed, if that was the fact, and in the absence of fraud it is clear upon the authorities above cited that the defence attempted to be set up, that there was at least a partial failure of consideration for the note on the alleged ground that the work done on the automobile was defective, is not open to the defendants. Rosati had an opportunity to contest plaintiff's bill for services rendered, but did not do so. He compromised and settled the plaintiff's claim in the manner stated. The endorsers of the note in this case have no greater rights of defence than Rosati.

There was, therefore, no error in the exclusion of the evidence offered or in the direction of a verdict for the plaintiff. The defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Barney & Lee*, for plaintiff.
*Francis I. McCanna, Arthur E. Munro*, of counsel.
*Bassett & Raymond*, for defendant.
*Russell W. Richmond*, of counsel.