## WRAY v. SUMERSET OIL CO.

No. 10639.—Opinion Filed Jan. 16, 1923.

Rehearing Denied March 20, 1923.

(Syllabus.)

1. **Compromise and Settlement—Effect as New Contract.**

Where a valid written contract of compromise and settlement is entered into between

two parties, the original cause of action is canceled and all the rights of the parties are governed by the terms of the new contract, whether the new contract be executed or not.

**2. Same—Damages for Breach of Contract —Sufficiency of Petition and Evidence —Harmless Error.**

Record examined, and held: (1) That plaintiff's petition states a cause of action for damages for breach of contract. (2) That the evidence reasonably tends to support the judgment of the trial court. (3) That it does not appear that the remaining errors complained of have probably resulted in a miscarriage of justice, and hence do not constitute grounds for reversal, under section 6005, Rev. Laws 1910.

Error from District Court, Jefferson County: Cham Jones, Judge.

Action by the Sumerset Oil Company against S. L. Wray for damages for breach of contract. Judgment for plaintiff, and defendant brings error. Affirmed.

Bridges & Vertrees, for plaintiff in error.

Rittenhouse & Rittenhouse, for defendant in error.

KANE, J. This was an action for damages concerning some oil well supplies commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be called plaintiff and defendant, respectively, as they appeared in the trial court.

As we understand, from the briefs of counsel for respective parties, the principal ground relied on for reversal is that, while the plaintiff's petition states a cause of action for damages for the conversion of personal property, the subsequent proceedings and proof conclusively show that its cause of action, if any it had, grew out of a breach of a written contract.

In these circumstances, counsel say the written contract is a complete bar to the cause of action for conversion stated in the petition, and when the contract was introduced in evidence and its execution admitted by the plaintiff, it constituted a complete defense to the cause of action for conversion stated in the petition. In support of this proposition counsel cite the following cases: Tapia v. Williamson, 152 Ala. 545; Lull v. Kemerrer Vehicle Co., 136 Iowa, 549; Logsdon v. Hudson, 83 Kan. 500; Howard v. Straight Creek Coal Co., 140 Ky. 700; Chamberlain v. McClurg, 8 Watts & S. 31; Kendall v. Rossi (R. I.) 87 Atl. 186.

While we think there is some room for the contention of counsel, yet we are un-able to agree with him in his analysis of plaintiff's petition, or that the judgment rendered must be reversed upon the ground stated.

The petition, it is true, is somewhat vague and uncertain in its terms, but as it was not assailed by demurrer or motion to make more definite and certain, we think that when it is liberally construed in connection with the defendant's answer and the subsequent proceedings there can be no question of its sufficiency to support the verdict of the jury and the judgment of the trial court entered thereon.

When the pleadings of the respective parties are viewed in connection with the undisputed evidence adduced at the trial, we find that there is very little difference in opinion between the parties as to their respective rights and liabilities in the premises.

The plaintiff in its petition alleged in substance that originally the oil well supplies involved were wrongfully turned over to the defendant for the purpose of retaining possession thereof during the pendency of a certain action at law entitled Mike Cunyon v. Sumerset Oil Co. et al. While there is language in the petition from which it might be inferred that this taking was under circumstances amounting to a conversion, there is also other language to the effect that, although the defendant acknowledged the original taking was wrongful, he subsequently entered into an agreement with the plaintiff whereby he promised to deliver to this plaintiff said casing or to pay in lieu of such delivery the market value thereof as soon after the settlement of the Cunyon Case as the amount of casing taken or its market value could be ascertained and determined.

Now, while it is well settled that where a valid written contract of compromise and settlement is entered into between two parties the original cause of action is concealed and all the rights of the parties are governed by the terms of the new contract, whether the new contract be executed or not (McCoy v. Milbury, 87 N. J. Law, 697; Flegal v. Hoover, 156 Pa. 276; French v. Shoemaker, 14 Wall. (U. S.) 314; Union Bank v. Geary, 5 Pet. (U. S.) 99), we believe the petition, when liberally construed in connection with the subsequent pleadings and proof, recognizes the principle and states facts sufficient to constitute a cause of action for damages for breach of contract.

It is true that the allegations in the petition are somewhat vague and indefinite, and perhaps in some respects contradictory, but, in view of the defendant's answer and the subsequent proceedings and evidence, we are convinced that the plaintiff undertook to charge that while the original taking was

tortious, the parties subsequently compromised their differences by entering into a contract governing their rights, and that this contract was breached by failure to either return the property or pay for it. All the parties concede the execution of the contract, the plaintiff attached a copy thereof to its petition as an exhibit, and evidence shows without contradiction that there was a breach of its terms. In these circumstances it cannot be said that we have placed a strained construction upon the allegations of the petition.

This practically disposes of the only assignment of error seriously stressed by counsel for defendant. In his answer the defendant admits that he took possession of the oil well supplies about the time named in plaintiff's petition, but alleges that he took possession under the contract and agreement hereinbefore referred to; that by the terms of said contract it was agreed that the defendant should either pay for said oil well supplies at the market value or return said oil well supplies to the plaintiff at the termination of the case of Cunyon v. Sumerset Oil Company; that during all the times mentioned in plaintiff's petition said defendant was and is in a position to deliver to the rightful owner of said oil well supplies the following casing: 674 feet of 8-inch casing, 303 feet of 6⅝-inch casing, and 20 feet of 12½-inch casing, and defendant now tenders into court the above amount of casing and now tenders into court the market value of all the casing that he is unable to return, according to the terms and conditions of the contract, and defendant further states that prior to the commencement of this action he tendered to this plaintiff all the casing that he was able to return and tendered to the plaintiff the market value of all the casing that he was unable to return to plaintiff, which plaintiff refused to accept.

This, it seems to us, is precisely the view the jury took of the case. By their verdict they permitted the defendant to return such of the casing as he still had in his possession and rendered a money judgment in favor of the plaintiff for the balance. As the court rendered judgment in accordance with the verdict of the jury, we are unable to perceive how the defendant is in position to complain of certain instructions given which seem to indicate that the court entertained a somewhat different view as to the rights of the plaintiff under the contract.

Some complaint is made of the action of the jury in not literally following the instructions of the court in making up their verdict, but as the plaintiff does not complain of this action and the court in approving the verdict approved the theory of the case contended for by the defendant, certainly the latter has no just grounds for complaint.

On the whole case, after a careful examination of the entire record, we are unable to say that the errors complained of have probably resulted in a miscarriage of justice. In these circumstances we are prohibited by statute (section 6005, Rev. Laws 1910) from reversing the judgment of the trial court.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, MILLER, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.