Alba Fountain BOURNE, Plaintiff In Error,

v.

Mary Helen LEATHERS, Defendant in Error.

No. 37783.

Supreme Court of Oklahoma.

June 2, 1959.

Covington, Donovan & Gibbon, Tulsa, for plaintiff in error.

Trower, Ferguson & Gaither, Tulsa, for defendant in error.

PER CURIAM.

This is an appeal from a jury verdict and judgment for $4,500. rendered in favor of the plaintiff, Mary Helen Leathers, for damages for personal injuries allegedly sustained by her in a collision of two cars in Tulsa County, Oklahoma. The one in which she was riding was driven by her brother. The other car was driven by the defendant, Alba Fountain Bourne.

Plaintiff in her petition alleged negligence in the operation of the car driven by the defendant, and that such negligence resulted in damages to her which included permanent personal injuries and pain and suffering in the sum of $4,500.00; loss of earnings in the sum of $1,220.00 and hospital and medical bills, present and future, in the sum of $250.00, or a total of $5,970.00.

When defendant's general demurrer to plaintiff's petition was overruled, he filed an answer in which he denied negligence, pleaded unavoidable accident, and in general denied all material allegations, and alleged that since plaintiff was riding in an automobile driven by her brother, Roy D. Leathers, who at the time of the accident was acting as her agent, servant and employee and was engaged in a joint mission for the mutual benefit of plaintiff and her brother, by reason of which the defendant alleged that the negligence or contributory negligence of (her brother) Roy D. Leathers, (which alleged negligence is set out in the answer) should be attributed and charged to plaintiff and, for further defense, it was alleged that the plaintiff and defendant by and through his duly appointed agent entered into a lawful "settlement agreement," made a part of the answer by reference, and introduced in evidence and reads as follows:

"Release
"Read Carefully Before Signing
"Be It Remembered That Mary Helen Leathers

"Address 1147 N. Iriquois—Tulsa for and in consideration of the sum of One Hundred & No/100 Dollars ($100.00), the receipt of which is hereby acknowledged, do hereby

"Remise, Release and Forever Discharge
A. F. Bourne

(Insert here full name of Persons, Corporations, or Partnerships to be released)

his agents, and servants and all other persons, firms, and corporations whomsoever of and from any and all actions, claims and demands whatsoever which I/we now have or may have, whether known or unknown, developed or undeveloped, on account of or arising out of the accident, casualty or event which happened on or about the 30th day of August, 1954.

"As a further consideration for said sum I/we warrant that no promise or agreement not herein expressed has been made to me/us; that in executing this Release I/we am not relying upon any statement or representation made by the party or parties hereby released or said party's or parties' agents, servants or physicians concerning the nature, extent or duration of the injuries and/or damages, or concerning any other thing or matter, but am relying solely upon my own judgment; that the above mentioned sum is received by me/us in full settlement and satisfaction of all the aforesaid claims and demands whatsoever; that I/we am over twenty-one years of age and legally competent to execute this Release; and that before signing and sealing this Release, I/we have fully informed (myself/ourselves) of its contents and meaning and have executed it with full knowledge thereof. It is further understood and agreed that the payment of said amount is not to be construed as an admission of liability, but is a compromise of a disputed claim.

"In Witness Whereof, I have hereunto set my hand and seal this 9 day of Sept. 1954, at Tulsa, Okla.

"(Sgd) Mary Helen Leathers (Seal)
"Signed, Sealed and Delivered
    in the presence of
"(Sgd) Robert E. Dumont
"Address Tulsa, Oklahoma."

And defendant further alleged "that at the time the agreement was made that his agent (Robert E. Dumont) did not have the sum of $100.00 on his person, nor did he have check writing privilege, but that it was mutually agreed by and between the parties at the time said agreement was made, said defendant would forward a check forthwith, which was done and mailed to plaintiff on the same date and received by her the next day, but that plaintiff failed and refused to cash the same despite the fact that it was not objected to as a check, but that in fact plaintiff endeavored to back out of the settlement agreement."

Plaintiff filed a verified reply denying generally all the allegations of defendant's answer, which were contrary to, inconsistent with, or opposed to the allegations of her petition. She specifically denied that her brother, Roy D. Leathers, was acting as her agent, servant and employee, or that he was engaged in a joint mission for the mutual benefit of the plaintiff and himself.

The substance of the above pleadings constituted the issues upon which evidence was adduced and upon which the cause was submitted to the jury resulting in the verdict and judgment hereinbefore noted.

Defendant, on appeal, interposes a single proposition, to-wit:

"Error of the Court in refusing to sustain the demurrer and various motions for judgment by reason of the settlement."

The gravamen of defendant's contention and argument is that the parties to this action had settled the lawsuit before it was filed by the release; and that due to plain-

tiff's failure to plead and prove fraud, duress, overreaching, mutual mistake, or *non est factum*, that that release was conclusive evidence of the alleged "settlement agreement."

In support of this contention the defendant cites and relies upon Darby Petroleum Co. v. Bowers, 185 Okl. 285, 91 P.2d 663; Wray v. Sumerset Oil Co., 89 Okl. 71, 213 P. 836, and other cases of similar import, together with a quotation from 76 C.J.S. Release § 63, page 703.

The above authorities are inapplicable to the factual situation existing in the case at bar. Under the defendant's pleadings relating to the instrument, it is referred to as the "settlement agreement" but the defendant in its brief now refers to the instrument as a release. Obviously, defendant's pleadings and evidence do not show that he considered the instrument as a completed contract. There was admittedly an additional oral agreement as to further transactions not contained in the written instrument. The instrument standing alone as a release is admittedly void for lack of consideration unless the alleged additional oral contract is considered with the written release.

■■ An allegation that one party released another from liability is a mere conclusion of law, and a plea or answer relying on a release is not good unless acts or facts are pleaded showing a release. Defendant's plea or answer must show that the release relied on was founded on a consideration, and must set out the consideration fully and with certainty. 76 C.J.S. Release § 60, page 702.

Clearly, the defendant did not rely upon the defense of release, and, in fact, did not plead such defense in his answer. The defendant, knowing that the release was without consideration, judiciously avoided basing his defense on a plea of written release and relied upon a "settlement agreement."

In this connection, it is argued by the plaintiff that admittedly $100 in cash or lawful money was not paid or offered to the plaintiff, asserting that defendant attempts, by the oral testimony of the insurance adjuster, to vary the terms of the written instrument by substituting an agreement to accept a draft, or check for the plainly specified sum of cash; further arguing that such testimony violates the parol evidence rule, as held in Simons v. Douglas' Ex'r, 189 Ky. 644, 225 S.W. 721. Hinnemann v. Rosenback, 39 N.Y. 98; that said testimony was admitted over plaintiff's objection, and that it should have been excluded. Pointing out, however, that the error was against plaintiff rather than the defendant, and that though the evidence was improperly admitted, the question of any oral agreement to accept a draft or check in settlement was resolved by the jury against the defendant.

The defendant prefaces his appeal entirely upon the "settlement agreement," stating that he feels that definite error has been committed in connection with the settlement issue, and that the purpose of this appeal is to concentrate on that one issue. Without reiterating our previous résumé of the pleadings concerning the settlement agreement, we think that the defendant's answer concerning the settlement agreement and plaintiff's verified general denial by reply were invulnerable to demurrers to the pleadings and motions for judgment on the pleadings, and therefore it was not error to overrule such pleadings and proceed to the trial of the case upon the issue so formed.

Defendant's evidence bearing on the settlement issue was in accord with his answer. That is, it consisted of the introduction of the purported written release hereinbefore quoted in full, together with his oral testimony admitting that he did not pay to the plaintiff the $100 mentioned in the written instrument, but that the plaintiff willingly signed the instrument, and orally agreed with him, through his agent, that she would accept a draft or check (which he sent her by mail on the date that the release was signed) in lieu of the cash payment; that the written instrument showed that she had received from the de-

fendant the $100 in full settlement of her claim for any and all damages arising out of the accident, and thereby released him.

Under this admitted factual situation, the written instrument was not a completed contract as claimed by the defendant. It was not, standing alone, a release. It was only evidence of a settlement agreement which should have been, and was, considered in connection with the defendant's and plaintiff's oral admissions and oral evidence bearing on the issue.

A portion of plaintiff's evidence pertinent to the settlement issue is as follows:

"Q. Mary Helen, do you recall ever having seen this gentleman that was on the witness stand, Mr. Dumont? A. Yes, I have.

"Q. Do you know when or how many times you saw him? A. I think I seen him three or four times.

"Q. Do you remember his speaking to you about settlement of this case for your injuries? A. Well, I know he did, but I told him I had to talk to my uncle and aunt and wanted to find out how much it would cost to have my brother's car fixed.

"Q. Was your brother's car damaged in this collision? A. Yes, it was damaged.

"Q. Did you know how much the damage was at the time you talked to Mr. Dumont? A. No, I did not.

"Q. Did you at any time agree with Mr. Dumont to accept the sum of $100.-00 in full settlement of this case?

"Mr. Covington: Wait a minute * * *

"A. No, I did not. * * *

"Q. (By Mr. Gaither) Do you remember signing any papers at his request? A. Well, I don't know what the papers are for, I think it was some concerning my accident. * * *

"Q. Now, did you ever receive a draft in the mail? A. No, I did not.

"Q. Do you know anything about a draft? Did anybody receive one, as far as you know? A. Well, I can't remember.

"Q. Well, did some relative of yours * * * A. Oh, my auntie received it and she sent it back." * * *

The evidence was sufficient to withstand a demurrer. Also the motion for a directed verdict was properly overruled.

The trial court gave instruction No. 10 which provided:

"You are instructed as to the defense of settlement made by the defendant, that the burden of proof is upon the defendant to establish by a preponderance of the evidence that a settlement of the claim of plaintiff for injuries sustained in the accident was agreed upon by plaintiff and defendant, then, and in such event, your verdict should be for the defendant. You are further instructed that in determining whether or not a settlement was agreed upon by the parties, you may take into consideration the release offered in evidence and all the surrounding circumstances; and in connection with said release offered in evidence, if you find that the parties had agreed upon a settlement for the sum of $100.00, named in the release, and that the parties agreed that said sum of $100.00 was to be forwarded to plaintiff by check or draft within a few days, and that a draft in the sum of $100.00, was forwarded to plaintiff within such time agreed, then and in such event, if plaintiff received, or knew of the receipt of such draft, that would be a sufficient performance of the terms of said release as to the consideration of $100.00 named therein, notwithstanding that plaintiff may have returned or caused to have returned said draft to the defendant."

This was a proper instruction under the pleadings and the evidence adduced in the case. There was no error in overruling defendant's motion for judgment non obstante veredicto.

 We therefore conclude that where a plaintiff brings an action for damages for personal injuries and the defendant answers that all damages done to plaintiff have been settled and compromised, and plaintiff by verified reply denied such settlement and compromise, the question of settlement and compromise is properly for the jury under the instructions of the court, and a judgment based upon evidence which reasonably supports the verdict of the jury will not be disturbed on appeal.

We now revert to the defendant's contention that due to plaintiff's failure to plead and prove fraud, duress, overreaching, mutual mistake, or non est factum, that the release was conclusive evidence of the alleged "settlement agreement."

Assuming for the purposes of defendant's argument that this contention is well taken, though we have herein held otherwise, the defendant would yet be faced with the question of waiver of such objections. We observe from the testimony that while the plaintiff was testifying in her behalf, and after direct examination in chief by her attorney, the defendant took over the cross examination and in effect made her his witness by asking her direct questions concerning her signing of the release, at which time she said she didn't understand what she had signed; that she knew it was something about the automobile wreck; that she had at no time meant to sign a release until after she had found out what her brother's damage was to his car and until she had talked to her aunt and uncle. This same evidence was brought out by re-examination of plaintiff by her attorney over the objections, however, of the defendant's attorney, which objections were overruled by the trial court, and we think properly so because the defendant had already brought out such facts pertaining to the settlement agreement.

■ Up until the time that the defendant brought this subject matter up through the testimony of the plaintiff, no one had objected to the fact that the plaintiff had not plead or proved fraud or any of the other matters allegedly and ordinarily necessary for her to overcome a written release. This, we think, constitutes a complete waiver of such objections if considered under the circumstances as well taken. This contention is therefore without merit.

Judgment affirmed.

WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN, and BERRY, JJ., concur.

DAVISON, C. J., and BLACKBIRD, J., concur in result.

The Court acknowledges the aid of Supernumerary Judge CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.