Opinion of the Court.
Caldwell filed his bill, alleging that James Ashley purchased of Moses Hawkins a quantity of flour, and gave his note for the price, with Caldwell as his security ; that Ashley took the flour to Orleans, where it proved to be of a quality far inferior to what it was represented to be, whereby loss was sustained, for which Ashley claimed a remuneration from Hawkins, who acknowledged the justice of the claim, and agreed to give a credit of six hundred dollars upon the note, for the defective quality of the flour ; that Hawkins *213 and Ashley were both dead, and Castleman, the administrator of Hawkins, had recovered a judgment against him as security, for the amount of the note, without giving the stipulated credit, which he prays may be given by the decree of the chancellor. To this bill he made Castleman alone defendant.
Although a court of chancery will not entertain jurisdiction to liquidate the damages for a defect in personal property sold, and then set-off these damages against the price ; yet if the parties settle the amount themselves, and agree that the amount so settled, shall be discounted against so much of the price, equity will enforce the agreement.
The administrator answered, admitting the sale of flour for the sum contained in the note, but denies any knowledge of the bad quality of the flour, or of the agreement to give a credit for such defective quality, and requires proof. The circuit court dissolved the injunction obtained against the judgment at law, and dismissed the bill with costs; to reverse which, this writ of error is prosecuted.
1. Although a court of chancery will not entertain jurisdiction to liquidate the damages for a defect in personal property sold, and then set-off these damages against the price ; yet, if the parties settle their own controversy, by agreeing on the amount, and agreeing that the amount so liquidated by the agreement, shall be discounted against so much of the price, no objection is perceived against equity entertaining jurisdiction of the matter, and coercing the set off. Hence, we conceive that Caldwell’s application to a court of equity was proper. But before we enquire into the merits of this case, or determine how far the plaintiff in error has succeeded in establishing his claim, a previous question presents itself ; and that is, are all the proper parties before the court ? It is evident, that the proceedings in this case could not bind the personal representative of Ashley, in any future contest between him and Caldwell; that the same representative has an interest in the amount of the credit and balance to be recovered ; so that, for the security of both Caldwell and himself, he ought to be before the court. Besides, the defendant in error might be subjected to the inconvenience of re litigating this matter with the same representative, and the proceedings in this suit would not bind the representative of Ashley in such new investigation ; because he was no party to this. It clearly follows, that the representative of Ashley is a necessary party, and ought to have been before the court. As he was not there, the court below had a right to dismiss the bill on account of his absence.
Where a court of chancery dismisses a bill for want of proper parties, it ought to be without prejudice.
2. But such dismission ought to have been without prejudice to any future suit for the same cause of complaint. This is not assigned for error ; but, as we conceive that the matter of the bill was proper for equitable jurisdiction, and by the assignment of errors we are required to look into the merits of the claim, and can perceive enough to convince us that it is not wholly without foundation, it accords with the practice of this court, in such case, on an assignment of error on the merits, to relieve, so far as to save the merits, by reversing the decree and directing the dismission to be entered without prejudice.
The decree must, therefore, be reversed, and directions given to dissolve the injunction and dismiss the bill with costs, according to this opinion. Each party must bear their own costs in this court.