# CHARLESTON.

## MANSFIELD *v.* DAMERON.

Submitted September 15, 1896—Decided December 12, 1896.

1. **VENDOR'S LIEN—DISCHARGE OF LIEN.**
   In a sale of realty, the vendor retaining title, the taking of a note of either vendor or a third person will not discharge the lien by implication, in absence of plain intention that it so operate.

2. **EXECUTORY CONTRACT—VENDOR'S LIEN--DISCHARGE OF LIEN.**
   One sells land by executory contract stating a certain price, providing, "And the said Mansfield agrees to take the note of said Dameron, with interest and security, due in * * * for said $500.00, or the note of S. S. Vinson; and the said Mansfield further agrees that when said payment is made or secured he will make" a deed. Vinson gives his note. That does not discharge the lien for purchase money.

SIMMS & ENSLOW and HERBERT FITZPATRICK for appellant, cited 8 Wall, 557; 6 Gratt. 78; 39 W. Va. 148; 1 Salk, 124; 9 W. Va. 73; 31 Atl. 753; 23 W. Va. 90; 2 Parsons, 156, 158; 68 Ind. 254; 34 W. Va. 672; 2 Daniel, § 1264; 21 W. Va. 455; 18 Am. & Eng. Enc. Law, 182; 3 Randolph, §§ 1543 44; Byles, 123; 46 N. Y. 639; 11 Johns. 409; 1 N. H. 281; 1 Hill, 532; 78 Hun, 253.

CAMPBELL & HOLT for appellee, cited 18 Am. & Eng. Enc. Law, 149; 2 Dan. Neg. Instr. (3d Ed.) § 1221; 33 Gratt. 103; 3 Gratt. 253; 15 Gratt. 300; 8 Gratt. 148; 1 Hill. Mor. 448, 451, 453; 1 Bland, R. 491, 493; 23 W. Va. 90; 9 W. Va. 73; 10 W. Va. 662; 12 W. Va. 611, 772; 21 W. Va. 455, 465.

BRANNON, JUDGE:

Mansfield sold Dameron an interest in real estate in Wayne county, the contract stating the consideration as five hundred dollars, and then saying, "And the said Mans-

field agrees to take the note of said Dameron, with interest and security, due in * * *, for said $500.00, or the note of S. S. Vinson; and the said Mansfield further agrees that when said payment is made or secured he will make a general warranty deed," etc. No deed was made. Dameron did not give his note, but Vinson gave his note to Mansfield for said purchase money, payable in one year, and Vinson became insolvent, and Mansfield brought a suit to sell the land for the purchase money, and obtained a decree subjecting it to sale, and Dameron appeals.

The single question is: Was the Vinson note, in and of itself, payment of the purchase money, entitling Dameron at once, upon its execution, to a clear deed for the property sold? It is a clear principle of justice and of courts of equity that a vendor of real estate retaining title shall never be required to surrender it without payment, unless he clearly agrees otherwise: Does this contract show that Mansfield agreed otherwise? That depends on its construction. But it is important, before deciding on its construction, to look at some law showing how averse the courts are to compelling a man to yield his property to a purchaser until he gets his pay for it, as it will guide us in construing this contract. *Dunlap's Ex'rs* v. *Shanklin*, 10 W. Va. 662, held that giving a receipt for notes on a third person, specifying that it is for purchase money, will not, while the title remains in the vendor, be an extinguishment of the lien. In *Knisely* v. *Williams*, 3 Gratt. 265, a vendor retained title and took a bond for purchase money, and later accepted an order on a third person, and gave up the bond, and it was held the lien remained valid. In *Yancey* v. *Mauck*, 15 Gratt. 300, land was sold to be conveyed when the first payment was due, and before that an arrangement was made by which the purchaser gave his bond with the vendor as surety to a third person for a debt due from the vendor, and the purchase-money bonds were surrendered. The purchaser became insolvent, and did not pay the bond to the third party. The seller, not having parted with the legal title, was allowed to subject the land to the purchase money, as his lien had not been waived. Judge Allen said the arrangement did not change the character of the debt; it was

still purchase money. Under the old law giving an implied lien for purchase money on conveyance of the legal title, as under the present law, where a lien is reserved, it is a difficult matter to show a waiver of a lien; it must be clear. But it is more so where the title is reserved—First, because the very retention of title plainly manifests an intent to still hold the land liable; and, second, a court of equity is so unwilling to make a man give up his land for nothing. The force of this fact—the retention of the legal title—will be found often emphasized as of controlling influence. See *Cole* v. *Withers*, 33 Gratt. 186, 193; *Lewis* v. *Caperton's Ex'r*, 8 Gratt. 148; *Hess* v. *Dille*, 23 W. Va. 90; *Warren* v. *Branch*, 15 W. Va. 38; Judge Allen's opinion in *Yancey* v. *Mauck*, 15 Gratt. 300; Bart. Ch. Prac. 936; 1 Lomax, Dig. (2d Ed.) 266. Where the vendor has a lien and a bond, he has two securities, as in this case, and could resort to either; the lien being a security, not for the note, but for the very debt. 33 Gratt 195. So long as that debt exists the courts will not presume that the chief security has been surrendered, unless upon the clearest and most convincing testimony. 1 Hil. Mortg. 448-453. Same in *Yancey* v. *Mauck*, 15 Gratt. 310. Even where personalty is sold, and a note given, which passes title, and gives purchaser right to possession, if not paid, and the chattel happens to be yet in seller's hands, he may retain it until paid. 2 Daniel, Neg. Inst. § 1280. Now, take the contract. It specifies, first, a price to be paid, and then says Mansfield for it agreed to take either the note of Dameron or Vinson, and next says that time shall be given for their payment, and then says that Dameron should make a deed. When? It answers, "When said payment is made or secured." Payment means the discharge of a debt in money, *prima facie*. The clause did not mean that the note was payment. "When said payment is made," meaning the five hundred dollars before mentioned as the price. Surely, it would mean that as readily as it would import the mere execution of a note; and, if so, why say it meant merely the note, not payment of the five hundred dollars in money? But I say it means the five hundred dollars not merely or probably as the note, but rather than the note. It can not be supposed that Mans-

field meant to give up his land on mere personal security, especially as he still kept title. "When payment is made or secured," that is, when payment is secured. The word "secured" strikes me as helping this construction. It does not refer to security in Dameron's note, if he should give one. It would be unnecessary, if that be its meaning, as former language provided for that security. It imports that actual payment must either be made or secured before a deed was demandable. The contract in *Dunlap's Ex'rs* v. *Shanklin*, 10 W. Va. 662, sold realty, saying that the price was "to be paid in bonds," describing them; and later the vendor gave a receipt for them "as a payment for purchase money of Red Sulphur Springs." The mere contract was plainer to discharge the lien than this one, because of the words that the purchase money was "to be paid in bonds;" but the lien was held still existing.

Counsel for appellant, admitting that the mere taking of a new note is not payment of an antecedent debt, ingeniously draws the distinction that such rule does not apply here, because there is no antecedent debt, but it is a contemporaneous debt; and quotes 2 Daniel, Neg. Inst. § 1264, saying that where a debtor transfers the note of a third party for a contemporaneous debt there is strong reason for saying it is an exchange of that note for the thing sold the debtor, the debtor parting with his note, the other party with his goods. They cite 18 Am. & Eng. Enc. Law, 182, for the proposition that, "where a note of a third person is taken in payment for goods sold at the time, and not for a precedent debt, it is taken at the risk of the vendor." That applies to goods in terms, not land. Where chattels are sold, there is no lien; the legal title passes. But in sales of realty there is an equitable and there is a legal title. That doctrine does not apply to sales of realty by executory contract. To so apply it, would overrule decision after decision. *Dunlap's Ex'rs* v. *Shanklin, supra*, and others. Besides, in sales of personalty on credit there is only one security, in realty, two—the personal security and the lien besides. It can not be said it is a hardship on Dameron. So it would be on Mansfield. The right of one to be exempt from loss is as strong as that of the other. But, construing the contract as we do, Dameron assumed that risk. Affirmed.