## Simons v. Douglas' Extr.

(Decided November 23, 1920.)

### Appeal from Jefferson Circuit Court. (Common Pleas, Fourth Division).

1. Bills and Notes—Payment in Money.—Where a promissory note is an obligation to pay a certain sum designated in dollars and cents, in the absence of an agreement expressed or implied for its payment in some other way, it means a payment in money.

2. Bills and Notes—Payment.—If parties, at 'the time, a debt is created make an agreement for its payment in a way other than by the delivery of money, a payment in the manner agreed upon will constitute a valid payment.

3. Bills and Notes—Payment.—After a debt, to be paid in money, is created, the obligee may accept property or other thing in

satisfaction of the debt, and this will be a valid payment, or the parties may agree upon another method of payment, than that expressed in the obligation, and if supported by a valid consideration, it will be enforcible.

4. Bills and Notes—Defenses—Parol Agreement.— A parol agreement which is contradictory of and varies and alters the terms of a promissory note, alleged to be made, at the time the note is executed and delivered, will not constitute a defense to recovery upon the note, in the absence of an averment, that the obligor was induced to execute the note by fraud of the obligee, or by fraud of the obligee and mistake of the obligor or by mutual mistake and by reason of which the terms expressed in the note did not express the contract, or that certain agreements were left out of the note, which were intended to be, and which the obligor believed at the time were inserted.

5. Pleading—Answer, Set-off and Counterclaim—Caption.—The plaintiff by filing a reply and joining issue with the defendant upon the averments of his answer, waives the Code requirement, that an answer, which contains a set-off or counterclaim, must so state, in its caption.

6. Set-off and Counterclaim—Counterclaim.—A counterclaim must be a cause of action, which arises out of the contract stated in the petition as the foundation of the action, or connected with the subject of the action.

7. Set-off and Counterclaim—Set-off.—A demand for money, which could be sued upon, before the adoption of the Civil Code, in an action of indebitatus assumpsit or in an action of debt may be relied upon as a set-off to an action upon a contract, judgment or award.

8. Set-off and Counterclaim—Set-off.—A demand, which is fixed, or which may be ascertained by calculation, and which does not require any proof, except that of liability, may be the subject of a set-off.

9. Set-off and Counterclaim—Set-off.—A demand which is so unliquidated, that an action in equity is necessary to liquidate and make it certain, can not be relied upon as a set-off, at least, without an averment of the insolvency, or non-residence of the plaintiff, or some other equitable reason, which will prevent the defendant from securing his just rights at law.

GIFFORD & STEINFIELD for appellant.

PETER, TABB & LEVI for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This action, at law, by the Louisville Trust Company, as executor of the will of J. J. Douglas, deceased, against the appellant, L. Simons, was for the recovery of the amounts of two negotiable promissory notes, less the

credits endorsed thereon, which the appellant executed and delivered to the decedent on December 15, 1913, and by which the appellant obligated himself to pay to decedent, the sum of one of the notes, one year after its date, and by the other to pay to him the sum of the other note, two years after its date. The appellant filed an answer, and thereafter offered and filed two amendments thereto. The appellee to the answer, as amended, interposed a general demurrer, which was sustained, and the appellant declining to plead further, a judgment was rendered against him for the amounts of the notes, less the credits thereon, respectively, and from the judgment the appellant has appealed. Hence, the only question for determination is, whether the facts averred by the answer, as amended, constitute a defense to the cause of action declared upon in the petition.

(a) The averments of the answer, as amended, were in substance, that the notes sued on had before suit brought, been fully paid, and satisfied, in the following way. At the time of the execution and delivery of the notes, and prior thereto, the appellant and decedent were partners under the style and name of L. Simons & Co., in which partnership each owned an equal interest. The partnership had ceased to do the business in which it had been engaged prior to the execution of the notes, but, the affairs of the partnership had not been adjusted and settled between the partners, and at the time of the execution and delivery of the notes, the partnership was the owner of a large number of notes and accounts, choses in action, by and because of which various persons were indebted in various sums to it, and at that time, it was agreed between appellant and decedent, that decedent would take the notes and accounts, which were owing to the partnership and would collect them, and account to appellant for his interest therein by crediting the notes sued on with "the sum so becoming due and owing" to appellant from decedent, "by reason of such collections," and that decedent did collect from such notes and accounts, a sum unknown to appellant, but, which he "believes and therefore alleges" amounted to the sum of $6,000.00, and that by reason of such collections, the appellant was entitled to receive from decedent, at least $3,000.00, "to be applied by reason of the agreement" as a credit upon the notes sued on, and that the payment of the notes "was made solely by the

collection of the notes and accounts due the partnership of L. Simons & Co.''

It will be observed, that each of the notes sued on contained an unconditional and explicit promise to pay to decedent the amount of the note, at a stated time, and the place of the payment was fixed by the terms of the note at the German bank, in the city of Louisville. The amounts specified in the notes to be paid, was expressed in the denomination of dollars and cents, and when a debt is agreed to be paid in that way, and in the absence of an agreement expressed or implied for its payment in some other way, it means a payment in money, and not a payment by the delivery of property, or the transfer of notes or the delivery of checks, or through the medium of an accord and satisfaction. Borderland v. Nevada Bank, 99 Cal. 89; Mansfield v. Dawson, 42 W. Va. 794; Chaflin v. Continental Jersey Works, 85 Ga. 27; Clay v. Lakenan, 101 Mo. App. 563. This of course, does not mean, that a debt may not be paid, otherwise than with money. If the parties at the time, the debt is created, agree that its payment may be made in some way, other than by the delivery of money, it may be paid in the manner agreed upon, or if after the creation of a debt, the obligee agrees to accept something, other than money as payment, and the obligor delivers the property or other thing agreed upon in payment, it will constitute a valid payment. Cleveland v. Rothschild, 132 Mich. 625; Blair v. Carpenter, 75 Mich. 167; Huffman v. Walker, 26 Gratt 314; Bantz v. Bassett, 12 W. Va. 772; Borderland v. Nevada Bank, *supra*. A contract between the obligor and the obligee after the creation of a debt, which according to the original contract was to be paid in money, to give and accept something other than money, in satisfaction of the debt, when the latter contract has not been performed, to make it enforcible would have to be supported by some consideration. The contract, here, relied upon, however, is not one entered into subsequent to the execution of the notes, and followed by performance, but, is a parol agreement, entered into contemporaneously with the execution and delivery of the writing constituting the memorial of the contract sued upon. There is no pretense or claim that the notes sued upon do not purport to express the entire contract between appellant and decedent, or that the contract as stated in the writing is in such incomplete terms, as to make parol evidence necessary to render it intelligible, but an examination of the

notes demonstrates, that they purport to contain an entire contract, and the terms, used, appear to make the intention of the parties perfectly intelligible. Under such circumstances, evidence of prior or contemporaneous parol agreements, that vary, alter or contradict the terms of the writing is not admissible, unless the party complaining of the terms of the writing, alleges that the terms of the contract as written and executed are different from the terms of the actual contract, which was intended to be entered into and that the execution of it, as written, was either caused by the fraud of his adversary, by mistake upon his part and fraud on the part of his adversary, or by the mutual mistake of both; and such allegations would necessarily have to be made to show a good defense to an action upon the writing, when the defense is that the contract is other than expressed in writing. Dale v. Pope, 4 Litt. 166; Citizens' Bank v. Millett, 103 Ky. 1; Ward v. Jones, 11 K. L. R. 273; Curran v. Askin, 7 K. L. R. 367; McCoun's Admr. v. Jennings, 2 K. L. R. 315; Moore v. Porter, 15 K. L. R. 125; Bowers v. Linn, 14 K. L. R. 889; Williams v. Beazly, 3 J. J. M. 577; Garter v. Chandler, 2 Bibb. 246; McKegney v. Wedekind, 6 Bush 107; Kreitz v. Gallenstein, 170 Ky. 16; Fairbanks, Morse & Co. v. Manning, 164 Ky. 478; Castleman, Blakemore v. Pickrill, 163 Ky. 750; Tross v. Bill's Executrix, 189 Ky. 115. Allegations in support of the truth of which no evidence is admissible could not constitute a defense to an action. Appellant, without any allegation, that the notes do not contain the entire contract between him and decedent, or that they do not fully express the terms of the contract entered into between them, resulting in the debts, and the contract as to the time, place and method of their payment, offers in defense of a recovery upon them a parol agreement between him and decedent contemporaneous with their execution, to the effect, that although the writing provides for their payment, in money, at a designated place and time, they were to be paid by the delivery to decedent of notes and accounts owed to a partnership of him and decedent, which the latter was to collect and after ascertaining the balance due appellant to give him credit thereby upon the notes. This agreement was contradictory of the terms of the notes, both as to the time, place and method of their payment, and this is attempted to be done without any averment, that appellant was caused to execute the writings as written and without including in them, the terms

of the parol agreement, either by fraud or through mistake. Hence, it is apparent, that in the absence of such essential allegations the answer, as amended did not present a defense to the cause of action based upon the execution and delivery of the notes. To hold otherwise would be to ignore the established rule, that when parties reduce a contract to writing, it is presumed, that their previous negotiations are merged in the writing and their final conclusions embraced in it. The contention by appellant, that payment of a debt may be made in any manner or with any thing agreed upon by the parties is correct, but, this doctrine has for its basis a valid and enforcible agreement, which if made, contemporary with or prior to the execution of a written memorial of the contract, must be either embraced or intended to be embraced in the writing.

(b) The appellant did not in the caption of his pleading, designate it as either a counterclaim or set-off, but, as the appellee by pleading thereto, without objection on that account, waived that objection to it, if it contained matter constituting a set-off or counterclaim, it will be necessary to determine, whether the facts averred in it, amount to a counterclaim or set-off. Cherry v. Cherry, 162 Ky. 245; Williams v. Capital Mining Co., 153 Ky. 772; Ichenhausen Co. v. Laundrum's Assignee, 153 Ky. 316.

(1) The facts averred in the answer can not be a counterclaim, because of the lack of the essential elements. They neither arise out of the contract stated in the petition as the foundation of the claim sued on, nor are they in any way connected with the subject of the action.

(2) Although the appellant could not be heard to allege or prove the contemporary parol agreement stated in his answer, in bar of the action upon the notes, or to affect his obligation thereon, if the decedent had in his possession at his death, assets of a partnership of appellant and decedent, and to a portion of which the appellant was entitled there seems to be no good reason, why appellant should not be permitted to plead such indebtedness to himself as a set-off, if accompanied with other essential allegations. The only requirements made by the Civil Code, subsection 2, section 96, to constitute a cause of action which may be pleaded as a set-off are that the cause of action offered to be pleaded as a set-off must arise from a contract, judgment or award

in favor of the defendant against the plaintiff or against the plaintiff and another, and it can not be pleaded except, when the cause of action stated by the plaintiff in the petition is founded upon a contract, judgment or award. In the instant case, there could be no valid objection to the appellant offering the facts stated in his answer as a set-off, because of the requirements of the Code, *supra.* The obligation of a partner to pay to his co-partner the portion of the assets of the partnership in his hands, when the portion due the co-partner is ascertained, is founded upon a contrcat. It is not, however, every cause of action, which grows out of a contract, which can be relied upon as a set-off. Shropshire v. Conrad, 2 Met. 143. A claim for unliquidated damages, although arising from the violation of a contract can not be pleaded as a set-off, unless in connection with allegations, that the plaintiff is insolvent or a non-resident or other equitable reason. Caldwell v. Hawkins, 1 Litt. 212; Gibbs v. Lewis, 15 K. L. R. 537; Taylor v. Stowell, 4 Met. 175; Abernathy v. Myers-Bridges Co., 30 R. 1236; Forbes v. Cooper, 88 Ky. 285; Cross v. Snyder's Admx., 164 Ky. 370; Bates v. Reitz, 157 Ky. 514; Farquhar v. Collins, 3 A. K. M. 51; Pemberton v. Brown, 3 Litt. 3. Unliquidated damages are, however, only such damages as exist in opinion and require ascertainment by a jury, and which can not be ascertained or fixed by calculation. Where the amount of a demand is fixed by a judgment or award or where it arises from a contract and the amount may be ascertained by calculation and which does not require any proof, except that of liability, it may be pleaded as a set-off at law. While the balance due a partner might in certain instances be susceptible of ascertainment by mere calculation and without evidence, other than of the fact, that the matters computed were partnership assets, the probability of the existence of such partnership is small. The provision of our Code of Practice, *supra,* does not provide that any demand arising from a contract may be used as a set-off. The above cited cases, which hold that unliquidated damages although founded upon a breach of a contract can not be used as a set-off, except for the equitable reasons there mentioned, indicate clearly that this court has taken the view, that only such demands arising from contract can be relied upon as set-offs, which were available for that purpose before the adoption of the Code provision. Previous to the adoption of

that provision, a set-off would lie for only such money demands as might be sued upon by an action *indebitatus assumpit* or *debt*. 24 R. C. L. 856, 34 Cyc. 694; Jenkins v. Richardson, 6 J. J. M. 441; Newman, vol. 1, section 464. A demand, which required an action in equity to liquidate and render it definite and certain, could not be recovered in either the action of *indebitatus assumpit* or debt, and has been considered of too unliquidated a character to be available as a set-off at law, 34 Cyc. 695. The general rule to the effect, that "an action at law can not be maintained by one partner against another for a partnership concern" has, also, been adhered to. Lawrence v. Clark, 9 Dana 257; Stone v. Mattingly, 14 K. L. R. 113; Conlin v. Ferree, 27 K. L. R. 451. In the last cited case, it was said: "One partner can not maintain an action at law against his co-partner on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled. The reason for the rule is that until there has been an accounting and partnership affairs settled, no cause of action is ascertained to exist." It is averred by appellant, that no settlement of the partnership accounts between the parties has ever been made. There is no averment that there are no creditors of the partnership whose debts are unpaid. Upon a settlement it may appear that there is nothing due the appellant from the partnership assets. There is no allegation of the insolvency or non-residence of the appellee, nor any other reason assigned that would entitle appellant to rely upon the facts pleaded as an equitable ground of set-off. For the reasons stated there was no error in refusing the motion of appellant to transfer the cause to the equity side of the docket.

The judgment is therefore affirmed.