## Day v. Rogers Brothers Coal Company.

(Decided December 3, 1926.)

### Appeal from Pike Circuit Court.

1. Set-off and Counterclaim—Counterclaim for Unliquidated Claim for Breach of Contract Cannot be Interposed Against Note for Money Loaned Because Arising from Different Matter and Unconnected with Note.—In action on note given for money loaned, counterclaim for unliquidated claim for damages for breach of contract cannot be interposed because arising out of an entirely different matter and wholly unconnected with note.

2.   Set-off and Counterclaim—Allegation of Insolvency or Nonresidence of Plaintiff is Requisite to Pleading Unliquidated Damages as Set-off, Though Arising on Contract.—Unliquidated demands, including such for breach of contract and for services, cannot be pleaded by way of set-off, though arising on contract without allegation of insolvency and nonresidence of plaintiff.

A. F. CHILDERS for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Rogers Brothers Coal Company, hereinafter called plaintiff, recovered a judgment for $1,130.50, with interest, against P. W. Day, to reverse which this appeal is prosecuted.

Plaintiff began this action upon a note given it by Day. Day's answer admits the execution of the note, and that it is unpaid, but sets up what he terms a "set-off and counterclaim" thereto, and alleges that plaintiff should pay him $19,000.00 damages for breach of a contract made with Day. This claim was then unliquidated. It could not be a counterclaim for it arose out of an entirely different matter, and was wholly unconnected with the note sued on, which was for money loaned to Day.

Plaintiff's demurrer to Day's answer, etc., should have been sustained. Unliquidated damages can not be pleaded by way of set-off, although arising on a contract, without an allegation of insolvency or nonresidence of the plaintiff. See Doysher v. Adams, 29 S. W. 348, 16 Ky. L. R. 582. At the conclusion of all the evidence, Day tendered an amendment to his answer, in which he abandoned his $19,000.00 claim for damages for breach of contract, set up a claim for $19,000.00 for services rendered plaintiff, gave certain credits thereon, and sought to recover on a *quantum meruit*. The court refused to allow this to be filed. It was an undetermined unliquidated demand. Such demands are not available as set-offs, except under the circumstances noted above. If plaintiff owes Day anything on this claim, Day should assert that in a separate action. Plaintiff's action on this note should not be complicated by Day's effort to recover on that claim in this action. The peremptory instruction to the jury to find for plaintiff was not erroneous.

The judgment is affirmed.