## Stone v. Morrison, Assignee.

(Decided May 3, 1927.)

### Appeal from Johnson Circuit Court.

1.   Pleading.—In action on note, defendant's claim, growing out of partnership with payee, could not be pleaded as a set-off, where there was no allegation that payee was nonresident or insolvent, or that there had been a settlement of partnership affairs; claim being unliquidated, in view of Civil Code of Practice, section 96, subsec. 2.

2. Appeal and Error.—Where there was no allegation in suit on note as to date or maturity thereof, presumption will be indulged on appeal that alleged assignment of note was after maturity, that plaintiff was not holder in due course, and that note was subject to all equities that it would have been subject to in hands of original holder.

3. Pleading.—In action on note, defendant's allegations that note was executed to assist in carrying out terms of partnership and that he paid sums on behalf of partnership, half of which was due to him, held insufficient for counterclaim; there being no showing that note arose out of partnership, nor that other partner had not paid all sums chargeable to him.

4. Bills and Notes.—In suit on note by alleged assignee thereof, wherein note was not filed, placing burden of proving nonassignment of note on defendant, and in absence of proof adjudging issue in favor of plaintiff, held error.

5. Bills and Notes.—In action on note by one claiming to be assignee thereof, wherein the note was not filed, simple denial of the assignment was sufficient to put the alleged assignment in issue.

FRED HOWES for appellant.

Z. WELLS and I. G. RICE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Reversing.

In this action H. D. Morrison, as assignee against Fred Stone, the maker, to recover on a promissory note executed to H. L. Skidmore, the date of the note and its maturity are not stated. It is not stated that the plaintiff was in possession of the note, though it was alleged that it was filed with the petition as an exhibit. However, the note does not appear in the record.

The first paragraph of the answer denies that the note mentioned was filed as an exhibit or otherwise, and also denies the assignment as laid in the petition. In the second paragraph it is pleaded that, prior to the execution of the note, the defendant and the payee in the note, H. L. Skidmore, formed a partnership for the acquisition and development of oil and gas territory in Johnson county, Ky.; that, after the formation of the partnership and while it was in full force and effect, Skidmore and defendant purchased an interest in certain rigs and leases and drilled and equipped five oil wells thereon, it being agreed that each party was to pay one-half the cost of acquisition and development and to receive one-half the profits arising therefrom; that three producing wells were drilled which are yet producing oil in paying quan-

tities, but that Skidmore has sold all his right, title, and interest therein to other parties and now owns no interest in any of the partnership property; that in the development of said properties the defendant paid out the sum of $5,869.96, one-half of which, or $2,924.98, is properly chargeable to Skidmore, and is just, due, and payable to defendant. He "further states that the note mentioned in the appellant's petition was executed by him while said partnership was in full force and effect and to assist the defendant in carrying out the terms thereof." An itemized list of the expenditures claimed is set out in the answer which is made a set-off, counterclaim, and cross-petition against Skidmore; the prayer being for summons against Skidmore and judgment against him for the sum of $2,934.98 to be set off against any amount adjudged against the defendant on the note. Simultaneously with the filing of the answer, defendant filed written motion to transfer to equity and refer the case to the master commissioner for a settlement of the partnership accounts. The court overruled the defendant's demurrer to the petition and also plaintiff's demurrer to the second paragraph of the answer, set-off, counterclaim, and cross-petition. At a subsequent term the court set aside its former order and sustained a demurrer to the second paragraph of the answer. The case was then submitted for final judgment, and on the pleadings and exhibits a judgment was entered in favor of plaintiff for the amount of the note.

First. It is urged that the court erred in sustaining a demurrer to the set-off, counterclaim, and cross-petition set up in the second paragraph of the answer. As there is no allegation in the petition as to the date or maturity of the note, we are unable to tell whether the alleged assignment occurred before or after its maturity. Construing the pleading most strongly against the pleader, the presumption will be indulged that the assignment, if there was such, was after maturity, that the plaintiff was not the holder in due course, and that the note was subject to all the equities that it would have been subject to in the hands of the original holder.

Second. It is not alleged that Skidmore is a non-resident or insolvent or that there has been any settlement of the partnership affairs; hence, as any claim that appellant may have against Skidmore growing out of the

partnership is unliquidated, such claim could not be pleaded by him as a set-off in this suit. See Civil Code, section 96, subsec. 2; Simons v. Douglas, 189 Ky. 644, 225 S. W. 721. Nor is that plea good as a counterclaim, as it is not shown that the execution of the note arose out of the partnership transaction or was connected therewith. The only allegation being "that the note mentioned in plaintiff's petition was executed by him (defendant) while said partnership was in full force and effect and to assist the defendant in carrying out the terms thereof." It will be observed that, aside from the statement that the partnership was in effect at the time of the execution of the note, this allegation is a mere legal conclusion. There is no statement of fact as to how or in what manner or for what purpose the note or its proceeds was used, or that it was in any way used or connected with the partnership transaction. If defendant borrowed this money to pay private indebtedness, household expenses, or other matters of like character he would have been assisted thereby in carrying out the terms of his partnership agreement, but such matters are not connected with the partnership. Further, while defendant alleges the amount he paid for the partnership and alleges that one-half thereof was due and payable to him by Skidmore, he nowhere negatives the payment of a similar amount nor that he has not paid all sums due or chargeable to him by the partnership. It follows that the court did not err in sustaining a demurrer to the second paragraph of the answer.

Third. The lower court evidently placed the burden of proving the nonassignment of the note upon the defendant, and, in the absence of proof, adjudged this question in favor of plaintiff. This was error. If the note had been filed with the petition and had shown a written endorsement of the payee, a simple denial of the assignment would have been insufficient answer, as such indorsement is prima facie genuine. To rebut this it was necessary to file a verified plea of non est factum. See Taylor's Adm'r v. Scott, 218 Ky. 302, 291 S. W. 393. But here the note does not appear in the record, and the answer denies that it was so filed. There is nothing upon which the plaintiff can base a prima facie case, and it would seem that a simple denial as was made in this case is sufficient to put the alleged assignment in issue.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.