## Weinstein v. Rhorer et al.

(Decided June 22, 1934.)

LOW & BRYANT and ADRIAN WEINSTEIN for appellant.
ARTHUR W. RHORER and J. E. SAMPSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellee Arthur Rhorer rented office space in a building owned by Herman Weinstein in Middlesboro for a period of approximately nineteen years. The rental contract was apparently one by the year, and the last contract made between the parties expired April 18, 1930. Appellant notified appellee that he desired to end the tenancy, and due notice to that effect was given, but appellee refused to surrender possession of the premises. On April 21, 1930, Weinstein instituted forcible detainer proceedings before the county judge of Bell county, and the appellee was found guilty of forcibly detaining the premises.

The appellee Arthur Rhorer executed a traverse bond which the appellees E. D. Rhorer and F. J. Miller signed as sureties. The traverse was prosecuted to the Bell circuit court, where it was adjudged that Rhorer was guilty of forcible detainer and that he wrongfully occupied the premises from April 18, 1930, to October 7, 1930. Weinstein thereupon brought this action to recover damages on the traverse bond in the sum of $315. The defendants filed an answer, the first paragraph of which was a traverse. In the second paragraph the defendants alleged as a counterclaim damages for alleged failure on the part of the plaintiff to furnish janitor

services to the defendant Arthur Rhorer during the period covered by the traverse bond. In the third paragraph the defendant Arthur Rhorer attempted to interpose as a set-off against Weinstein's claim upon the traverse bond damages caused by an alleged trespass. After alleging the nonresidence and insolvency of Weinstein, he alleged that Weinstein broke into his office and rummaged and pried into and read his documents and private papers, to his damage in the sum of $1,000. Demurrers to paragraphs 2 and 3 were overruled. Upon the trial of the case, the court peremptorily instructed the jury to find for the plaintiff in the sum of $315, and submitted to the jury the issues raised by paragraphs 2 and 3 of the answer. The jury found for the plaintiff the sum of $315 and for the defendants in a like sum on their counterclaim and set-off, and from the judgment rendered on the verdict the plaintiff appeals.

The court properly overruled the demurrer to paragraph 2 of the answer, inasmuch as the counterclaim asserted therein grew out of and proceeded from the cause of action stated in the petition. Civil Code of Practice, sec. 96, subsec. 1; Duff v. Wilking, 203 Ky. 817, 263 S. W. 373. The plaintiff was seeking to recover from the defendant Arthur Rhorer double rent from the time he occupied the premises subsequent to April 18, 1930, and the claim asserted in paragraph 2 of the answer was liquidated and arose out of the same transaction. Paragraph 3 of the answer presents an entirely different situation. The claim asserted as a set-off arose out of an alleged tort wholly distinct from the cause of action relied on in the petition. Subsection 2 of section 96 of the Civil Code of Practice defines a set-off as "a cause of action arising upon a contract, judgment or award in favor of a defendant against a plaintiff, or aginst him and another," and provides that a set-off cannot be pleaded except in an action upon a contract, judgment, or award. Under the provisions of our Code, a demand, to be available as a set-off, must be based on a contract, judgment, or award. It may be based on a contract, express or implied, but, if the cause of action arises out of the alleged breach of the contract, the damages must be liquidated, unless the plaintiff in the action be insolvent or a nonresident or some other equity exists in favor of the pleader. McFall v. Burley Tobacco Growers' Cooperative Association, 246 Ky. 278, 54 S.

W. (2d) 922; Stone v. Morrison, Assignee, 219 Ky. 624, 294 S. W. 179; Merchants' Wholesale Grocery Company v. Bond-Foley Lumber Company, 222 Ky. 320, 300 S. W. 872; Day v. Rogers Brothers Coal Company, 216 Ky. 817, 288 S. W. 751; Simons v. Douglas' Ex'r, 189 Ky. 644, 225 S. W. 721.

This court has adopted the policy of a liberal construction of the set-off and counterclaim statute, as have the majority of other courts, and in keeping with that policy, and to prevent circuity of action and multiplicity of suits, it has been held that, where a tort may be waived and the demand sued on as an implied contract, it may be set up as a set-off or counterclaim, McFall v. Burley Tobacco Growers' Cooperative Association, supra; Louisville & Nashville Railroad Company v. Dry Branch Coal Company, 252 Ky. 124, 65 S. W. (2d) 1008; Patterson v. Woolridge, 170 Ky. 748, 186 S. W. 639; but this court has never gone to the extreme of permitting unliquidated damages growing out of a pure tort to be pleaded as a set-off in an action on a contract with which the tort has no connection. To do so would be in violation of the plain provisions of the Code applicable to set-offs.

The motion for an appeal is sustained, an appeal granted, and the judgment reversed, with directions to sustain the demurrer to paragraph 3 of the answer and for further proceedings consistent herewith.