## Fairchild et al. v. Marlowe.

(Decided May 22, 1936.)

T. E. MOORE and D. I. DAY for appellants.

HAWK & LEWIS for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellants S. G. Fairchild, George Adams, and I. N. Lewis sued Marlowe, alleging that the Elkhorn Hazard Coal Company had leased certain mining property from plaintiffs; that the lease had been assigned to Pursiful and Gorman, who had agreed to pay plaintiffs $26,000 in installments for royalties and other obligations due from the Elkhorn Hazard Coal Company to plaintiffs. Later, this lease was assigned to, and its obligations assumed by, Marlowe and associates. It is alleged that at the time of the institution of the suit there was due on the contract $594.90, for which plaintiffs sought judgment. Marlowe by answer admitted

the assumption to make payments as alleged, but denied that he owed the balance as claimed or any other sum.

In a second paragraph, by way of setoff and counterclaim, he pleads that on October 15, 1926, he and P. E. Marlowe had owned two lots in the town of Whitco; that plaintiff S. G. Fairchild and his son Kenton had become sureties for Rice Gaither on certain notes owed to a bank in Whitesburg; that Gaither had purchased from the Marlowes the two lots in Whitco, but owed $500 on the purchase price, and that S. G. Fairchild and his son Kenton, desiring to procure from Gaither a mortgage on the two lots in order to indemnify them, came to M. K. and P. E. Marlowe and agreed with them that if they would convey the lots to Gaither free from purchase lien, the contract, supra, between Marlowe and appellants would be credited by the sum of $500; that they did upon said request convey the lots to Gaither free from encumbrance; and that thereafter Gaither mortgaged the lots to Kenton Fairchild to indemnify him and his father against loss by reason of suretyship.

In a third paragraph appelle alleges that during the year 1930 he sold and delivered to plaintiff S. G. Fairchild one set of transformers for $100, which amount was to be credited on the assumed contract, but that the credit had not been given as agreed.

Plaintiffs filed a demurrer to the second paragraph of the answer, and without waiving demurrer filed reply in which they denied that the credit for the transformer had not been given. The cause was submitted on the demurrer to the second paragraph of the answer and the same was overruled.

Marlowe later amended his answer making it also a cross-petition against Kenton, saying that at the time Fairchild agreed to credit the $500, which Marlowe had foregone by reason of the release of the lien on the Gaither lots, S. G. Fairchild was the duly authorized agent and trustee of his coplaintiffs Adams and Lewis in the collection of all money due to them.

He alleged that Kenton Fairchild was a necessary party, because he was the owner of the two lots in Whitco which had been sold to Gaither, and upon which M. K. and P. E. Marlowe had released the lien, and

that Kenton and S. G. Fairchild received the full benefit of the release.

Kenton answered, denying that he was a necessary party, and says he was the owner of the two lots in Whitco, and that the liens were released, but denies that he received any benefiit from the release, and says that S. G. Fairchild had nothing whatever to do with the release, or received any benefits from it.

By agreement of parties, all allegations of Marlowe's amended answer, setoff, etc., and cross-petition against Kenton were traversed of record without waiving general demurrer to the answer of Marlowe.

The court overruled demurrer to the second paragraph of defendant's answer and cross-petition with exceptions. On motion of defendant the cause was transferred to equity. The cause was then tried, the proof being heard in open court, and upon submission the court directed that Fairchild should be required to make good his undertaking, and that the obligation sued on should be treated as credited with $500, as of April 19, 1927; however, the court said that Adams and Lewis were not to be bound by the obligation of S. G. Fairchild to credit the obligation with the $500,

"since they do not appear to have had any knowledge of the transaction or to have assented to it in any way."

Adams and Lewis were adjudged to recover from Marlowe $383.42, with interest from date of judgment, and

"upon payment of that amount by M. K. Marlowe to Lewis and Adams they should recover a like amount from S. G. and Kenton Fairchild,"

the latter to have a lien against the two lots conveyed by Kenton to Gaither.

It is then recited in the judgment

"upon payment of the amount adjudged to Adams and Lewis, the defendant will be permitted, and is given leave to amend his pleadings herein to show that fact, and this cause is retained on the docket for further orders, and all questions not herein expressly decided are reserved for further adjudication."

The court should have sustained the demurrer to the second paragraph of defendant's answer as amended. The petition originally stated a cause of action against Marlowe on a claim of partnership or trusteeship, for a balance due on a written contract. Marlowe counter-claimed and pleaded set-off against Fairchild, bringing in matter of avoidance which were essentially personal as against S. G. Fairchild, and attempted to further avoid by pleading that the other partners or members of the trusteeship had assented to his offsetting a debt he owed the partnership against Fairchild's personal debt.

Section 96 of the Civil Code of Practice defines both counterclaim and set-off, and reference is made thereto for these definitions.

The pleading of Marlowe does not assert any cause arising out of the contract, or transactions stated in the petition, nor is anything stated in the second paragraph of the answer as amended to show the remotest connection with the subject-matter of the petition, hence it does not set up a good counterclaim. Neither is the matter pleaded sufficient to constitute a set-off, since the answer does not allege matters arising upon a contract, judgment, or award in favor of defendant against plaintiffs, or against plaintiff and another. The contract assumed by Marlowe (and his associates) to pay a certain sum on a lease from Fairchild and his associates has no connection with, nor is it in any wise related to, the alleged contract between Marlowe and Fairchild involving private transactions. Their transactions did not arise out of the contract set forth in the petition as the foundation of plaintiff's claim; nor out of the transactions between Marlowe, Fairchild, and his coplaintiffs; they were in no wise connected with the lease contract. Merchants' Wholesale Grocery Co. v. Lumber Co., 222 Ky. 320, 321, 300 S. W. 872; Day v. Rogers Bros. Coal Co., 216 Ky. 817, 288 S. W. 751; Lee v. Russell, 38 S. W. 874, 18 Ky. Law Rep. 951; Stone v. Morrison, 219 Ky. 624, 294 S. W. 179.

The matters arising between Marlowe on the one hand and Fairchild and his son on the other should not have been complicated with the cause of action set up in the petition. Marlowe does not allege that either of the Fairchilds is insolvent.

We are clearly of the opinion that the court should have sustained the demurrer to the second paragraph of the answer as amended, and it follows as a consequence that Kenton Fairchild was in no sense a necessary party to the action.

Judgment reversed with directions to sustain the demurrer to the second paragraph of the answer as amended and for further proceedings consistent with this opinion.