## Baker v. Ramey.

(Decided January 24, 1928.)

### Appeal from Harlan Circuit Court.

1. Account, Action on.—Evidence, showing that plaintiff's claim was based entirely on demands arising out of unsettled partnership, held to constitute variance from allegations under which plaintiff sued defendant on account, making no mention of partnership.

2. Partnership.—As general rule, action at law brought by one partner against another before any settlement of partnership affairs for claims growing out of partnership transactions will not lie.

LEE & SNYDER for appellant.

W. S. PHLEGAR for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

V. W. Baker and J. W. Ramey are brothers-in-law, and are sons-in-law of J. M. Taylor. Baker and Taylor conducted a store at Wallings Creek in partnership. Taylor sold his interest to Ramey, who was accepted by Baker in lieu of Taylor. Six or eight months later Baker and Ramey divided their goods, and Ramey went into

business elsewhere in the same town; Baker retaining the fixtures. Some time later Ramey sued Baker on account for $325; no mention being made of the partnership. Baker traversed, and in a separate paragraph pleaded a counterclaim of $249, and alleged a former partnership, that it had been dissolved, and that Ramey owed him that sum upon dissolution. This pleading not only did not ask a settlement, but clearly asserted that there had been a settlement of the partnership affairs. The affirmative allegations of this pleading were controverted by reply. The case was heard in equity.

Ramey's evidence conduces to show that there had been a division of the goods, but not of the store fixtures; that these were retained by Baker, and later destroyed by fire, and that Baker collected $800 insurance thereon, and he is also making a number of claims as to items due the partnership for which Baker did not account. Baker did not testify in his own behalf, but was introduced by Ramey as on cross-examination, and admitted collecting $800 insurance on the fixtures, though he denied Ramey had any interest in them. As the evidence introduced by Ramey is based entirely on demands arising out of an unsettled partnership, there is an utter variance between it and the allegation of the pleading, if not an entire failure of proof. Besides, this is in reality an action at law brought by one partner against another for claims growing out of partnership transactions, and, according to his proof, without any settlement of the partnership affairs. As a general rule such actions do not lie. Simons v. Douglas' Ex'x, 189 Ky. 644, 225 S. W. 721, and cases there cited. However, as the present record indicates that there has not been a complete settlement of the partnership affairs, it is thought best to reverse the case, with permission to plaintiff to file an amended petition and ask a settlement, if he desires.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.