## Hibbard v. Browning.

(Decided March 6, 1931.)

E. H. JOHNSON for appellant.

FORESTER & CARTER and C. B. SPICER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming.

Appellant instituted this action in the Harlan circuit court, in which he alleged that in 1929, he made a con-

tract with appellee, and that at the time the contract was made appellee represented to him that he was in a position to obtain a contract with the Inter Mountain Lumber Company to cut timber into sawlogs on certain parcels of land in that county, and to deliver the logs at such place as the company might direct; that he was persuaded by the appellee to move his logging equipment from Clay county to Harlan county, and that he did so and began the cutting of the timber in the performance of the contract; that it was agreed between the two that he should go to work on that part of the land known as the North Mountain tract, and that the particular boundary of timber contained about 250,000 feet of timber; that he worked out this boundary and because of its location and the topography of the country, which was worse than would be found on either of the other boundaries, he lost $500; that it was agreed between them that they were to be equal partners in the cutting and logging of the timber on three other parcels of land, the contract for which cutting and logging was to be obtained by appellee from the Inter Mountain Lumber Company; that the other three tracts of land contained 7,500,000 feet of lumber, and that they would have made a net profit of $2 on each thousand, and that his part of the profit would have been $7,500; that appellee refused to allow him to carry out his part of the contract, or any part other than the cutting and logging of the timber on the North Mountain parcel of land and that the contract was thereby broken by appellee, entitling appellant to recover the sum of $8,-000.

A demurrer was filed to the petition, but the court did not pass on it. Appellee filed an answer in which he made denial of the allegations in the petition, and, in a second paragraph, alleged that he made no contract with appellant other than to cut and log a small quantity of timber owned by appellee on North Mountain, which work appellant performed and for which he was fully paid. After appellant had testified, the court sustained a motion for a peremptory instruction. He stated his grounds for sustaining the motion to be that it was alleged in the petition only that appellee represented that he was in a position to obtain a contract for the cutting and logging of timber, and that it was not alleged that appellee represented that he had any contract with the Inter Mountain Lumber Company, or that he thereafter obtained one, and, as an additional reason for sustaining

the motion, the court pointed out that appellant testified that if appellee had obtained the contract that appellant understood he would obtain that it would have taken three years to work out the timber, and as the contract was oral it was within the statute of frauds and not enforcible.

Counsel for appellant argue but two points in his brief. One is that the suit was based upon the promise of appellee to obtain a contract for the logging of the timber for the Inter Mountain Land Company, and that he failed to obtain the contract, and that the suit was for damages for his failure to obtain the contract which he promised to obtain, and that because of that fact the contract was not within the statute of frauds, which is the second point argued by counsel for appellant.

Appellant dismissed his claim without prejudice for $500 growing out of his alleged loss for the work which he actually did. His testimony was to the effect that there was a partnership existing between him and appellee. His action is based on partnership and, as one partner cannot sue another partner on a claim growing out of a partnership transaction, he could not maintain his action. Simons v. Douglas' Executor, 189 Ky. 644, 225 S. W. 721; Baker v. Ramey, 222 Ky. 694, 2 S. W. (2d) 369. There was no attempt to prove any special agreement whereby appellant was to receive pay for any services rendered as a member of the partnership. Therefore his case does not fall within the law announced in Burgan v. White, 223 Ky. 79, 2 S. W. (2d) 1067. The only recovery that he could have been entitled to under his petition would be his share of the profits, or to compel appellee to share in his loss, and that would have to come about through the settlement of the partnership.

His petition in this section did not state facts sufficient to justify a recovery on the ground that appellee promised to obtain a contract from the Inter Mountain Lumber Company covering other parcels of land. The proof is as satisfactory as the pleading. Appellant admits that he knew that appellee had no contract with the Inter Mountain Lumber Company, and he does not show that appellee obtained any such contract, and the trial court was therefore correct on both of the grounds given for sustaining the motion for a peremptory instruction.

Judgment affirmed.