## Lockridge v. Fulkerson.
(Decided Dec. 15, 1936.)

JOHN A. HUFFAKER for appellant.

W. A. HUBBARD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

In an action involving a partnership accounting between Robert Lockridge and L. B. Fulkerson, the latter has recovered a judgment for the sum of $463.81, and the former is appealing.

By pleading and proof it is shown that for some years prior to April, 1934, appellee was engaged in business on Sixth street in Louisville under the name of "Independent Electric Refrigeration Service" and engaged in the repairing of electric refrigerators and appellant had for some years engaged in repairing electric motors. In April, 1934, under a verbal agreement these

parties formed a partnership under the firm name of "Independent Electric Service" to deal in electric motors, electric appliances, and render service to users of such motors and appliances which, however, was to be separate and apart from the individual refrigeration business established by appellee. Appellee moved his stock and equipment to a location on Breckinridge street where both his individual business and the partnership business was conducted. Before the expiration of a year after the establishment of the partnership, some dissension arose and there were negotiations looking to the purchase of both the partnership business and the individual business of appellee by appellant, but for some reason no agreement was ever reached, and very early on the morning of May 11, 1935, appellant moved all the partnership property and effects to another part of the city, where he set up business for himself.

Thereupon appellee instituted this action in equity setting up the foregoing facts and alleging in substance that the partnership effects were moved by appellant without his knowledge or consent; that since the formation of the partnership, he, out of his individual funds, had advanced to defendant at various times for living expenses sums aggregating $——, and appellant had withdrawn from the partnership fund various sums, the aggregate of which was unknown to appellee; and that the approximate value of the partnership property moved by appellant was $1,500. He asked for the appointment of a receiver to take charge of the firm's assets and to dispose of them and make such equitable distribution as the court might direct and for all proper and equitable relief.

By answer, counterclaim, and set-off appellant denied the allegations of the petition and set up figures purporting to show the status of the partnership affairs and alleged that there was a balance due him from appellee of $294.98, for which he prayed judgment.

The cause was referred to the commissioner of the court to hear evidence and report the status of the partnership affairs and accounts. After hearing a large volume of evidence which is found in the record, he made his findings and recommendations to which appellant filed exceptions which were overruled, the report confirmed, and the judgment appealed from entered.

We shall only refer to so much of the commissioner's report and exceptions thereto as is material in disposing of the grounds argued for reversal. It is first argued in effect that appellee was responsible for the confused state of the accounts and any doubt concerning the validity of the credits claimed by him should be resolved against him in the accounting; but the evidence shows that it was agreed that appellant should keep the books which he undertook to do, and most of the confusion arising is due to his lack of knowledge of bookkeeping, as is shown by the books kept by him and found in the record. Uncertainty and confusion also arose from the negligence and carelessness of both parties in not reducing the partnership agreement to writing. The commissioner's report and the judgment is further attacked on the ground that the report is erroneous in particulars hereinafter mentioned and that no dissolution of the partnership was adjudged.

Coming first to the latter contention, it may be said that appellant terminated the partnership when he took charge of and removed all the stock and appliances and set up business for himself at a new location and the only thing remaining to be done was to settle the affairs and accounts of the partnership.

It is contended that appellant has not received his portion of the profits and assets of the partnership, but that question we find turns on the partnership agreement. Appellant testified and contends that the agreement was that he was to receive $20 per week as salary in addition to one-half of the net profits, or, in other words, that his salary would be charged as an expense before determining net profits. Appellee testified that it was the agreement that in any event appellant would get $20 per week regardless of the amount of profits, but that if one-half of the profits was equal to or in excess of $20 per week, then appellant would get only one-half of the profits.

The commissioner found that the evidence sustained appellee's contention in this respect and a review of the evidence discloses that the commissioner's finding is amply supported by the evidence and was properly confirmed. It is shown that appellant procured A. J. Lynn to make an audit of the partnership business a short time before he removed the partnership property. This

audit, appellant's evidence, and the report of the commissioner show that the gross income of the partnership was $3,643.29 and the total expense $2,692.65, leaving a profit of $950.64. Of this balance appellant testified he received $85.53, but the item of expense includes what is termed salary paid appellant, which according to his own evidence amounted to $1,046.38. This deducted from the $2,692.65 would leave $1,646.27, as the partnership expenses, showing a profit of $1,997.02. In addition to the amount received by appellant as salary, he admits that he received $85.53 as profits from the business, and these two items amount to $1,131.95, which is $133.40 more than one-half of the $1,997.08 profits. However, appellant contends that the commissioner did not take into account $329, accounts receivable, and $150 which he claimed appellee owed him on machinery or equipment purchased. When appellant moved from the Breckinridge location, he directed that all partnership mail be sent to him at his new location, and he received checks and remittances through mail on accounts receivable in the sum of $132.49, but testified that he had paid out $151.74 on partnership liabilities. Appellee testified that he had collected from accounts receivable and had paid all partnership liabilities in the way of rents, etc. The evidence concerning the $150 claimed to be due from appellee for machinery or appliances is doubtful and confusing, and the commissioner's report indicates that this was a personal obligation of appellant. The audit of A. J. Lynn valued the stock and equipment of the partnership at $873.54, and the commissioner found this to be its value notwithstanding the evidence of appellant that it had a trade in value of $1,500. In the light of his admission and other evidence on the question, it is obvious that the commissioner's report concerning the value of the stock and equipment which was removed by appellant is far too low, but since there is no cross-appeal we need not go into that question. It is sufficient to say that on the record as a whole it is apparent that appellant after satisfying the judgment will have received at least one-half of the partnership profits and assets; therefore, the judgment should not be disturbed, even though it may have been based on different conclusions.

Judgment affirmed.