**Garland HOLCOMB, Appellant,**

v.

**Dan DAVIS and Brenda Garrett, Appellees.**

Court of Appeals of Kentucky.

Sept. 20, 1968.

Robert L. Gullette, Nicholasville, for appellant.

John S. Deering, Nicholasville, for appellees.

DAVIS, Commissioner.

Upon an extensive and confusing record relating to a claimed partnership between Garland Holcomb and Brenda Garrett, daughter of Dan Davis, a judgment was entered in favor of Brenda Garrett against Holcomb. The latter prosecutes this appeal asserting (1) that no action at law may be maintained against a partner upon a claim arising out of a partnership transaction without a prior settlement of partnership affairs; (2) that it was error for the court to adjudge interest against appellant for any period before the judgment; (3) that improper evidence was received in behalf of the appellees; and (4) that the judgment was based upon matters completely foreign to the record.

The evidence for the appellees tends to show that Davis transferred half interest in certain bulldozing and other heavy equipment to Holcomb and half interest in the same equipment to his daughter, Brenda Garrett, with the understanding that Holcomb would cause the equipment to be used in custom work and the net profits of the venture would be equally divided between Holcomb and Mrs. Garrett. Holcomb was to keep the records and accounts of the partnership and account for the net profits which should accrue. The venture was commenced in 1962 and terminated in 1964 when Holcomb disposed of the bulldozer by trading it in on a new one.

Holcomb denied the essential allegations of the appellees, although he admitted there was to have been a division of the net profits *after* a substantial indebtedness due from Davis had been paid to Holcomb, and *if* Davis operated the equipment. According to Holcomb the indebtedness was not paid, and it was shown by both sides that Davis did not operate the equipment after the alleged partnership arrangement of March 10, 1962.

The testimony was presented before the master commissioner who made his report recommending a finding in favor of Mrs. Garrett in the sum of $7,378.26. The court heard arguments on exceptions to the report of the master commissioner filed by each side of the controversy, after which the court rendered judgment arrived at upon a somewhat different basis than had been used by the master commissioner. In the court's memorandum and opinion it was found as fact that a partnership had been created and that Holcomb was charged with the responsibility of keeping the records for it. It was recognized in the opinion that Holcomb had failed to keep proper records and that much of the confusion presented in the record was due to Holcomb's lack of adequate bookkeeping practices. The trial court found that the reasonable value of the half interest of appellees in the equipment furnished to Holcomb was $7300 and determined that the reasonable value for the usage of the equipment was 18% per year of its value— 6% of which was computed as the reasonable return on the investment and 12% being for depreciation. On that basis the court adjudged that Holcomb should pay to Mrs. Garrett a sum equal to 18% per annum of $7300 computed from March 10, 1962, to September 24, 1964 subject to certain admitted credits. Additionally, it was

adjudged that Holcomb should pay one-half of the sum realized when the bulldozer was traded for a new one.

■ Appellant cites numerous authorities for the proposition that one partner cannot sue another at law for a partnership liability until there has been a settlement of the partnership and the indebtedness ascertained. Some of the authorities cited are 40 Am.Jur., Partnership, Section 460, and Hibbard v. Browning, 237 Ky. 754, 36 S.W.2d 371. We have no quarrel with the legal principle advanced but consider it wholly inapplicable here. The action was not one at law but was one in equity seeking a partnership accounting and settlement. We think the first point advanced on appeal is entirely without merit.

■ Appellant complains that the court improperly allowed interest on an unliquidated claim and cites numerous authorities including O'Brien v. O'Brien, 294 Ky. 793, 172 S.W.2d 595. Once again, we agree with the general proposition of law urged by appellant but find that it has no application in the peculiar circumstances of the case at bar. It will be noted that the court applied a broad equitable approach in an effort to reach a just determination of the respective equities of the parties. Holcomb did not present or maintain sufficiently adequate records to enable the court to strike a minutely accurate balance of accounts. As observed in O'Brien v. O'Brien, supra:

"Ordinarily, in the absence of a special agreement, in the settlement of partnership accounts, interest is not chargeable or allowed until after a balance has been struck. However, in an exceptional case the adjustment and the equities may demand that such a charge be made, the question being determinable upon the circumstances of each particular case." Id., 172 S.W.2d at page 608.

■ In Moore v. Malis, 292 Ky. 106, 166 S.W.2d 52, it was recognized that a partner burdened with the duty of maintaining partnership records must show conclusively the credits and allowances he claims, and when a confused state of accounts is chargeable to a partner, all questions of doubt in the solution of partnership affairs should be resolved against him. In the circumstances at hand the court appropriately applied a type of *quantum meruit* rule to charge appellant with a reasonable sum for his use of appellees' capital assets. It may not be said that interest has been allowed on an unliquidated sum, but rather that the value of the use of property has been computed on a basis of reasonable return and allowance for normal depreciation.

■ Appellant earnestly contends that hearsay evidence was improperly received in behalf of appellees. This contention arises from the fact that evidence for appellees included testimony that the witness Davis had learned of certain bulldozing work from various farmers. The farmers for whom said work was supposed to have been performed were not introduced as witnesses. Of course, the evidence was hearsay, but the trial court did not base its judgment upon that hearsay evidence but utilized a different formula as herein noted. Without undertaking a detailed analysis of the evidence, it suffices to say that there was sufficient competent evidence to warrant the finding of a partnership and the values used by the court, so any error in reception of incompetent evidence had no effect upon the outcome of the case and is not available as reversible error. CR 61.01.

■ The final attack upon the judgment is predicated upon the idea that the trial court went completely beyond the record in formulating the approach employed in reaching judgment. The short answer to this contention is that the record supported the finding made by the court as to values. The principle of allowing reasonable recovery by way of 6% interest on the value of the capital assets is one of common knowledge as is the principle of deprecia-

tion used by the trial judge. We think the judgment is not susceptible to the interpretation that it was reached by use of matters completely foreign to the record.

The judgment is affirmed.

All concur.