

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS.
**WR-90,140-01**
**WR-90,140-02**
**WR-90,140-03**

**EX PARTE CURTIS WAYNE BAGBY, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 007-0986-16-A, 007-0987-16-A, AND 007-0988-16-A
IN THE 7TH DISTRICT COURT FROM SMITH COUNTY**

*Per curiam.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three offenses of aggravated assault and sentenced to imprisonment.

Applicant contends, *inter alia*, that he was denied his right to direct appeals through no fault of his own. This Court has held that trial counsel's representation does not terminate at the end of trial, and counsel cannot "bow out" of representation without notice to the court. *Ex parte Axel*, 757

S.W.2d 369 (Tex. Crim. App. 1988). In *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003), this Court outlined the steps counsel must take to preserve a defendant's appellate rights.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim that he was denied appeals. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to meaningful appeals through no fault of his own. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:          August 21, 2019
Do not publish