

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,387-01 & WR-93,387-02

### EX PARTE MARK EUGENE FULLER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 10663-A & 10665-A
### IN THE 31ST DISTRICT COURT FROM GRAY COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of aggravated sexual assault of a child, sentenced to sixty years' imprisonment, and indecency with a child, sentenced to twenty years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that counsel was ineffective during the revocation hearing for, among other things, not allowing him to testify and failing to protect a five year plea bargain agreement which was reached between the parties. Applicant also contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Axel*, 757

S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact regarding whether counsel prevented Applicant from testifying in his own defense and whether a five year plea offer was made and accepted, and if so, how that deal did not move forward. The trial court shall also make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 12, 2022
Do not publish